UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

BEN STRICKLAND,                              )
                                             )
              Plaintiff,                      )
                                             )
v.                                           )        Case No. CIV-26-15-R
                                             )
EVERETTE ALDOERFFER                          )
& STEPHEN BRUCE & ASSOCIATES,                )
                                             )
              Defendants.                     )

## ORDER

Before the Court is the Motion to Dismiss filed by Defendants Everette Aldoerffer

and Stephen Bruce & Associates [Doc. No. 7]. Plaintiff Ben Strickland filed a Response

[Doc. No. 8] and Defendants did not reply. The matter is now at issue.

## BACKGROUND

Strickland[1] brings this action against Defendants based upon their representation of

non-party Discover Bank in *Discover Bank v. Ben L. Strickland*, District Court of

Oklahoma County, State of Oklahoma, Case No. CS-2021-6118 (the "Collection Lawsuit")

[Doc. No. 7-1].[2] Though the Complaint is sparse as to the parties' identities and the

---

[1] Because Strickland is proceeding pro se, the Court affords his materials a liberal construction but does not act as his advocate. *Hall v. Bellmon*, 935 F.2d 116, 1110 (10th Cir. 1991).

[2] "'[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'" *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)). "[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting [it] into a motion for summary judgment." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

1

allegations, Defendants represent that Stephen Bruce & Associates is the registered trade name for Stephen L. Bruce, P.C., the law firm that represented and continues to represent Discover Bank in the Collection Lawsuit. Everette Altdoerffer (incorrectly named Aldoerffer) is an attorney employed by Stephen L. Bruce, P.C.

On September 20, 2021, Discover Bank filed the Collection Lawsuit against Strickland in state court to recover $2,222.84 in credit card debt. *Id.* Discover Bank filed a Motion for Summary Judgment in the Collection Lawsuit on April 13, 2022. *Id.* Strickland opposed that motion and filed a Motion for Proof of Authority, arguing (1) Discovery Products, Inc., not Discover Bank, was the proper party in interest, (2) Stephen Bruce & Associates had not established its authority to represent Discover Bank, and (3) Discovery Products violated the Fair Debt Collection Practices Act [Doc. No. 7-3]. Strickland requested that Stephen Bruce provide documentation showing it had authority to represent Discover Bank/Discovery Products pursuant to OKLA. STAT. tit. 5, § 5, which states:

> The court, on motion of either party and on the showing of reasonable grounds therefor, may require the attorney for the adverse party or for any one of the several adverse parties to produce or prove by oath, or otherwise, the authority under which the attorney appears and, until the attorney does so, may stay proceedings by the attorney on behalf of the parties for whom the attorney assumes to appear.

The state court denied Strickland's Motion for Proof of Authority [Doc. No. 1-1]. A money judgment was granted in favor of Discover Bank on June 21, 2022 [Doc. No. 7-

---

Further, the Court may "take judicial notice of its own files and records, as well as facts which are a matter of public record." *Id.* (quotation omitted). The Court has reviewed and will take judicial notice of the Collection Lawsuit docket and relevant filings cited by the parties.

5]. Strickland moved to vacate the judgment as void [Doc. No. 7-6]. His motion was denied on October 12, 2022 [Doc. No. 7-8 at p. 7]. The Oklahoma Court of Civil Appeals denied Strickland's appeal on September 27, 2023 [Doc. No. 7-7].[3] Strickland's later-filed Petition for Certiorari was denied on March 11, 2024. *Id.* Strickland does not appear to dispute Defendant's presentation of the facts or state court record, and an examination of the Collection Lawsuit docket and the docket for his appeal confirms Defendants' representations.

Strickland next initiated an action in the United States District Court for the Western District of Oklahoma, making allegations similar to those he brought in the state court action and those he asserts in the instant action. *See Ben Strickland v. Everette Aldoerffer & Stephen Bruce & Assocs.*, Case No. CIV-24-342-PRW [the "First Federal Action"]. The First Federal Action was dismissed.

The few factual allegations raised by Strickland in the instant Complaint state that in around 2020, the Defendants started attempting to collect an alleged debt through a campaign of mail fraud [Compl. at p. 1]. Although Strickland requested proof that the Defendants had the authority to act as attorneys for Discover Bank, such proof was never ordered, which "[c]ommitted a fraud upon the Court by misleading the Court by silence." *Id.* ¶ 3. Strickland claims the state court granting summary judgment in the Collection Lawsuit in favor of the Defendants without proof of Defendants' authority violated his

---

[3] The Court also takes judicial notice of the docket for Strickland's appeal of the Collection Lawsuit and the relevant filings referenced by the parties: *Discover Bank, Plaintiff/Appellee v. Ben L. Strickland, Defendant/Appellant*, Oklahoma Supreme Court, State of Oklahoma, No. SD-120750.

civil/due process rights and renders the judgment against him void. *Id.* ¶¶ 4-5. Strickland requests that this Court vacate the journal entry of judgment entered against him in the Collection Lawsuit. *Id.* at p. 3.

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) is proper when a complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a Rule 12(b)(6) motion, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Brown v. City of Tulsa*, 124 F.4th 1251, 1263 (10th Cir. 2025) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). And while the Court "must accept the truth of all properly alleged facts and draw all reasonable inferences in the plaintiff's favor, the plaintiff still 'must nudge the claim across the line from conceivable or speculative to plausible.'" *Id.* (quoting *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021)). "Mere 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action' will not suffice." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## DISCUSSION

Defendant argues Stephen Bruce & Associates should be dismissed from the case because "Stephen Bruce & Associates" is a trade name that, under Oklahoma law, lacks legal existence and is not separate from non-party Stephen L. Bruce, P.C. Defendants successfully raised this identical issue in the First Federal Action, and the Court dismissed Stephen Bruce & Associates. Defendants now assert this Court should dismiss Stephen Bruce & Associates based on the doctrine of issue preclusion.

4

Collateral estoppel, or "issue preclusion, refers 'to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided.'" *Murdock v. Ute Indian Tribe of Uintah & Ouray Rsrv.*, 975 F.2d 683, 686 (10th Cir. 1992) (footnote omitted) (citing *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 376 n.1, (1985)).

> Collateral estoppel bars the successive litigation of any issue of law or fact "once [it has] been determined by a valid and final judgment." *Ashe v. Swenson*, 397 U.S. 436, 443 (1970). That is, the doctrine "prevents a party that has lost the battle over an issue in one lawsuit from relitigating the same issue in another lawsuit." *Melnor, Inc. v. Corey (In re Corey)*, 583 F.3d 1249, 1251 (10th Cir. 2009). In this way, collateral estoppel, frequently referred to as "issue preclusion," aims to promote judicial efficiency, encourage reliance on previously adjudicated matters, and avoid inconsistent rules of decision. *Nichols v. Bd. of Cnty. Comm'rs*, 506 F.3d 962, 967 (10th Cir. 2007). Federal law governs the scope of the preclusive effect given to federal-court decisions. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 500 (2001).

*Stan Lee Media, Inc. v. Walt Disney Co.*, 774 F.3d 1292, 1297 (10th Cir. 2014) (citations altered). There are four elements to collateral estoppel: (1) the issue decided must have been identical to the issue presented in the current action; (2) the prior action must have been finally adjudicated; (3) the party against whom the doctrine is invoked must have been a party to the prior adjudication; and (4) that party must have had a full and fair opportunity to litigate the issue in that prior action. *Id.* (quoting *Murdock*, 975 F.2d at 687).

The Court finds, and Strickland does not dispute, that the four elements of issue preclusion have been met. The identical issue of the propriety of suing Stephen Bruce & Associates was actually litigated between the same parties in the First Federal Action:

> Defendants also argue that Stephen Bruce & Associates is not an entity capable of being sued. They assert that Stephen Bruce & Associates is the

5

registered trade name for Stephen L. Bruce, P.C. The Court takes judicial notice of the Oklahoma Secretary of State's public records, which confirms this. *See* Okla. Off. of the Sec'y of State, Certificate of Trade Name, Filing No. 220088055 (Dkt. 7-1), at 2 (available at https://www.sos.ok.gov/corp/corpInquiryFind.aspx). Strickland did not respond to this argument.

Generally, under Federal Rule of Civil Procedure 17(b), a non-corporate entity's capacity to be sued is determined "by the law of the state where the court is located . . . ." In Oklahoma, "a trade name is not a separate legal entity and does not offer plaintiff an additional party from which to obtain relief." *Jordan v. Grace Living Centers*, No. CIV-19-654-G, 2020 WL 130147, at *2 (W.D. Okla. Jan. 9, 2020) (citations, footnote, and internal quotation marks omitted). Because Stephen Bruce & Associates is a trade name and does not have a legal existence separate and distinct from Stephen L. Bruce, P.C., Strickland cannot state a plausible claim of relief against it. *Id.*; *see also Lewis v. Am. Gen. Assur. Co.*, No. CIV-00-1520-W, 2001 WL 36160929, at *2 (W.D. Okla. Feb. 26, 2001). The Court therefore DISMISSES Stephen Bruce & Associates from the present action.

*Strickland v. Aldoerffer*, No. CIV-24-00342-PRW, 2025 WL 606190, at *3 (W.D. Okla. Feb. 25, 2025) (footnoted citations included in-text).

Furthermore, the First Federal Action was finally adjudicated. "[D]ismissal for failure to plead a viable cause of action is a decision on the merits under . . . every . . . circuit's[] law." *Stan Lee Media*, 774 F.3d at 1298 (citation omitted) (finding the Ninth Circuit's prior dismissal for failure to plead a viable cause of action qualified as a final adjudication on the merits). Prior to dismissal of the First Federal Action, the Court found Strickland's claims against Stephen Bruce and Associates failed as a matter of law, dismissed them, and found amendment as to the issue would be futile. *Id.* at *4. The case was later dismissed in its entirety and closed on December 3, 2025. Strickland did not appeal.

6

Furthermore, Strickland does not assert he lacked a full and fair opportunity to litigate this issue in the First Federal Action. Thus, the Court finds the issue of the propriety of suing Stephen Bruce & Associates is barred from this Court's review due to issue preclusion. Even if issue preclusion did *not* apply, in the absence of persuasive argument otherwise,[4] the Court agrees Stephen Bruce & Associates, because it is a mere trade name,[5] is not an entity capable of being sued. Dismissal of Stephen Bruce & Associates from this case is proper.

Defendants assert the Rooker-Feldman doctrine bars Strickland's claims. The *Rooker-Feldman* doctrine prevents federal district courts from entertaining actions brought by "'state-court losers'" challenging "'state-court judgments rendered before the district court proceedings commenced.'" *Lance v. Dennis*, 546 U.S. 459, 460 (2006) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). To determine if *Rooker-Feldman* applies, courts consider whether "the state court judgment caused, actually and proximately, the injury for which the federal court plaintiff seeks redress." *Kanth v. Lubeck*, 123 F. App'x 921, 924 (10th Cir. 2005) (unpublished) (quotation and emphases omitted). "If it did, *Rooker-Feldman* deprives the federal court of jurisdiction."

---

[4] Strickland presents no persuasive argument or authority to dispute that Stephen Bruce & Associates is a trade name or that it is not an entity capable of being sued. In fact, Strickland does not at all address Defendant's assertions that issue preclusion should dictate the Court's decision on this issue.

[5] Like the Court in the First Federal Action, and because Strickland does not dispute Defendants' claims that "Stephen Bruce and Associates" is a trade name, the Court will also take judicial notice of the Oklahoma Secretary of State's public records, which confirm that Stephen Bruce and Associates is, indeed, a trade name. *See* Doc. No. 7-2; Okla. Off. of the Sec'y of State, Certificate of Trade Name, Filing No. 2200488055 (available at https://www.sos.ok.gov/corp/corpInquiryFind.aspx).

*Id.* (quotation omitted). The *Rooker-Feldman* doctrine applies both to "claims actually decided by a state court, and claims inextricably intertwined with a prior state-court judgment." *Tal*, 453 F.3d at 1256 (quotation and alterations omitted). At bottom, the *Rooker-Feldman* doctrine instructs that "errors in state cases should be reviewed and settled through the state appellate process." *Id.* at 1256 n.11.

Strickland appears to assert that his Constitutional rights were violated when the state court entered judgment against him despite never having ordered the Defendants to file proof of their authority to represent Discover Bank. Strickland raised his request for proof of authority in the Collection Lawsuit: "Defendant [Strickland] . . . moves the Court to dismiss the Plaintiff Discover Bank case. Due to . . . No Proof of Authority to represent Discover Bank." *See* Objection to Plaintiff's Motion for Summary Judgment and Brief in Support and Motion for Proof of Authority, Doc. No. 7-3, at pp. 1, 4 ("[Strickland] demands absolute . . . proof that Stephen Bruce & Associates is authorized to represent Discover Bank."). Though the precise contours of Strickland's claims are unclear, the only specific relief he requests for this alleged harm is for this Court to vacate the state court's entry of judgment against him.

The Tenth Circuit has held the

> "*Rooker-Feldman* doctrine . . . is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile*, 544 U.S. at 284. . . . The essential point is that barred claims are those "complaining of injuries caused by state-court judgments." *Id.* In other words, an element of the claim must be that the state court wrongfully entered its judgment.

8

*Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012). Strickland asks this Court to review and reject the entry of summary judgment in the Collection Lawsuit because it was wrongfully entered. This the Court cannot do, especially considering Strickland's failure to present any persuasive argument or authority counseling otherwise on this issue. Thus, to the extent Strickland seeks review of the state court judgment or asserts claims that are inextricably intertwined with it, his claims are barred by *Rooker-Feldman* and the Court cannot exercise jurisdiction over them.

Strickland, however, insists he is only asserting claims against the Defendants based on their violations of federal law while acting as third party debt collectors during the Collection Lawsuit. Though such claims are not evident on the face of the Complaint, Strickland contends in his Response that he is purporting to bring claims pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* Strickland claims Defendants violated § 1692e(14), which prohibits the "use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization." His Response characterizes the claim differently than the Complaint—in the Response, Strickland appears to assert that the Defendants improperly filed the Collection Lawsuit under the name Discover Bank, rather than Discovery Products, which Strickland asserts is the original and proper creditor. But the Complaint focuses on Strickland's dissatisfaction with the Defendants' failure to prove their authority to represent either Discover Bank or Discovery Products.

The Court in the First Federal Action examined claims similar to those Strickland asserts in his Response and found them time-barred:[6]

> A plaintiff must bring an FDCPA action "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The time begins to run when the violation occurs, not upon its discovery. *Rotkiske v. Klemm*, 589 U.S. 8, 10 (2019). Strickland alleges that Defendants initiated the Collection Suit and made the purported misrepresentation on September 20, 2021. Strickland filed the instant suit on April 5, 2024, well after the limitations period expired. He does not allege that Defendants took any actions violative of the FDCPA occurring on or after April 5, 2023. In response, Strickland argues that the Collection Lawsuit's judgment was void, so "[i]n essence, [he] can file at any time and [in] any court." [citation omitted]. This argument has no basis in law. Accordingly, his FDCPA claims are time-barred. The Court therefore DISMISSES them.

*Strickland*, 2025 WL 606190, at *2-3. Here, Strickland asserts the "mail fraud" began in 2020. Strickland also states the Defendants filed the Collection Lawsuit on September 20, 2021—making that the date, at least based upon the allegations before this Court, of the misrepresentation, whether that misrepresentation is characterized as Defendants improperly claiming (1) they had authority to represent Discover Bank or (2) Discover Bank was the proper party in interest. Strickland filed the instant lawsuit on January 5, 2026, well past the expiration of the limitations period. Thus, to the extent Strickland asserts FDCPA claims in his Complaint, and based upon the allegations before this Court, his FDCPA claims are time-barred.[7]

---

[6] In the First Federal Action, Strickland specifically asserted FDCPA claims against the Defendants in the Complaint, and more clearly alleged that he did not believe Discover Bank was the proper named party.

[7] In his Response, Strickland also briefly references 18 U.S.C. § 1341, which criminalizes mail fraud. As the Court in the First Federal Action stated, "[n]othing in Section 1341 . . . 'can be read as creating a private cause of action.'" *Strickland*, 2025 WL 606190, at *3 (quoting *Crownhart v. Colorado*, No. 24-1208, 2024 WL 3339916, at *2 (10th Cir. July 9,

Accordingly, Defendant's Motion to Dismiss is GRANTED.

IT IS SO ORDERED this 14th day of April, 2026.

_David L. Russell_

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

2024)). Even if this claim was properly asserted in the Complaint, the Court finds that it must be dismissed because "'[f]ederal criminal statutes that do not provide for a private right of action are not enforceable through a civil action.'" *Id.* (quoting *Crownhart*, 2024 WL 3339916, at *2) (quotation omitted).

11